United States District Court
Southern District of Texas
**ENTERED**
June 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| WASHINGTON PRIME GROUP, INC., *et al.*, | § § § § | BANKRUPTCY NO. 21-31948 |
| Debtors. | § § | |
| ROLLING OAKS MALL, LLC, | § § | |
| Plaintiff-Appellant, | § § | |
| v. | § § § | CIVIL ACTION NO. H-22-2922 |
| BEXAR APPRAISAL DISTRICT, | § § § | |
| Defendant-Appellee. | § | |

**OPINION**

The issue in this appeal is whether a bankruptcy debtor may contest ad valorem taxes under 11 U.S.C. § 505 if the debtor paid those taxes in accordance with a proof of claim without objection. The appellant, Rolling Oaks Mall, is an affiliate of the lead debtor, Washington Prime Group. Rolling Oaks owns real property in Bexar County, Texas. Bexar County—not the appellee, the Bexar Appraisal District—filed a proof of claim in the bankruptcy proceeding stating that Rolling Oaks owed it more than $1 million in ad valorem taxes. Rolling Oaks did not object and paid the claim. Rolling Oaks appeals from the bankruptcy court's order dismissing its claim for a partial refund of the taxes it paid to satisfy Bexar County's proof of claim for the ad valorem taxes.

The court affirms the order of the bankruptcy court dismissing the complaint as a reasonable exercise of the bankruptcy court's discretion to decline to a § 505 challenge. *Buehler v. Dear*, 27 F.4th 969, 993 (5th Cir. 2022) (an appellate court may affirm "on any grounds . . . supported by the record"). The reasons for this ruling are discussed below.

**I.       Background**

Rolling Oaks protested to the Bexar County Appraisal Review board after the value of its property was assessed at $30,014,850.  In June and July 2021, the Review Board issued orders on the protest.  Also in June 2021, the Rolling Oaks affiliate, Washington Prime Group, filed for Chapter 11 bankruptcy.  Bexar County then filed its secured proof of claim for ad valorem taxes.  The Appraisal District itself filed no proof of claim against the debtors and admits it is not a creditor.

In August 2021, Rolling Oaks sued the District in state court to contest the appraisal.  In September 2021, the bankruptcy court confirmed the second amended Chapter 11 plan.  The confirmation order includes the following provision:

> Notwithstanding anything to the contrary in the Plan or this Confirmation Order. . . . the Debtors or the Reorganized Debtors, as applicable, shall pay the Texas Taxing Authorities' Claims on the later of (x) if the Claims are not contested, (i) the date the Allowed Texas Taxing Authorities' Claims become due pursuant to the Texas Tax Code (subject to any applicable extensions, grace periods, or similar rights under the Texas Tax Code) and (ii) the Effective Date (or as soon as reasonably practicable thereafter); or (y) if the Claims are contested, the date such Claims are Allowed; *provided, however*, without prejudice to the Debtors' rights to dispute the Texas Taxing Authorities' Claims in any forum other than the Bankruptcy Court within the time provided by applicable law, *any Claims Objection to the Texas Taxing Authorities' Claims must be filed within 120 days of the Effective Date* . . . .

(App. 385–86 (second emphasis added)).  Rolling Oaks refers to this passage as a "carve out." (Appellant's Br. at 6).  The confirmation order defines "Texas Taxing Authorities" to include Bexar County but does not mention the District.  (App. 385 n.7).  The order defines "Causes of Action" to include "the right to object or otherwise contest Claims or Interests."  (App. 405). "Causes of Action" under 11 U.S.C. § 505 are addressed in the plan supplement:

> The Debtors or Reorganized Debtors, as applicable, may request an expedited determination by the Bankruptcy Court of tax liability or lack therefore, under section 505(a) of the Bankruptcy Code for all returns filed for, or on behalf of, such Debtors for all taxable periods through the Effective Date.  To the fullest extent

2

> permitted under the Bankruptcy Code and applicable law, the foregoing sentence shall include any appeals of any determinations of tax liability of the Debtors.

(App. 443). The plan supplement specifically referred to "claims related to tax refunds" against the "Bexar County Tax Assessor." (App. 769).

Rolling Oaks acknowledges that it did not file an objection to Bexar County's proof of claim within 120 days of the Effective Date, February 18, 2022. On May 20, 2022, Rolling Oaks filed its complaint for relief under 11 U.S.C. §§ 502, 505, and 506 against both Bexar County and the District. (App. 174). Less than a month later, Bexar County and the District filed a motion to dismiss on various grounds. Bexar County then filed an amended motion to dismiss based on the "carve out" language quoted above. In August 2022, Rolling Oaks and Bexar County filed a stipulation dismissing Bexar County but not the District. (App. 816).

At a hearing later that month, the bankruptcy court granted the motion to dismiss and denied the stipulation between Rolling Oaks and Bexar County as moot. During that proceeding, the court asked Rolling Oaks' counsel, "So your deadline for objecting to Bexar County has expired, right?" (App. 847). Counsel agreed. (*Id.*). Counsel stated that Rolling Oaks was "not necessarily challenging the [Bexar County] proof of claim because we have satisfied that claim." (App. 848). The bankruptcy court asked, "If you can't challenge [the Bexar County claim] and if you're going to pay it, how can you get a refund of that claim?" Counsel responded that Rolling Oaks could obtain a refund under § 505 "because . . . it establishes a right that is specific to the debtor . . . . [the right] to seek a determination of any ad valorem taxes under 505." (App. 849).

The bankruptcy court viewed the Rolling Oaks complaint as an attempt to "get[] around the agreement [the debtors] made." (App. 849). Although the bankruptcy court acknowledged that the plan supplement reserved the right to seek a tax refund, the bankruptcy court did not view the reservation of rights as open-ended. (App. 850). Instead, the court viewed it as subject to the

3

deadline to assert objections to proofs of claim. The bankruptcy court dismissed the adversary proceeding as untimely. (*Id.*). This appeal followed.

## II.     Standard of Appellate Review

"[T]raditional appellate standards" apply to the district court's review on an appeal from a bankruptcy court's judgment or order under 28 U.S.C. § 158(a)." *Stern v. Marshall*, 564 U.S. 462, 475 (2011). The court reviews the bankruptcy court's conclusions of law de novo. *In re Ahern Enters., Inc.*, 507 F.3d 817, 820 (5th Cir. 2007). The bankruptcy court's findings of fact are reviewed for clear error. *Id.* "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484, 506 (N.D. Tex. 2019) (quoting *In re Johnson Sw., Inc.*, 205 B.R. 823, 827 (N.D. Tex. 1997)). The court reviews a bankruptcy court's evidentiary rulings for abuse of discretion. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 239 (5th Cir. 2006). The standard of review for mixed questions of law and fact is determined by whether the answer to the question presented is best supplied through analysis of the relevant law or facts. *U.S. Bank N.A.* ex rel. *CWCapital Asset Mgmt. LLC* v. *Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018).

## III.    Analysis

Rolling Oaks argues that the bankruptcy court conflated an objection to Bexar County's proof of claim—which Rolling Oaks did not file—with the action filed under § 505 for a refund of tax liabilities, to which Rolling Oaks reserved its rights. (Appellant's Br. at 12). As a result, Rolling Oaks argues:

> The District was allowed to shield itself from redetermination by enforcing a claim objection deadline that was specifically bargained for by Bexar County, for Bexar County, not the District. The Carve-Out does not apply to the District. The District lacks standing to enforce the claim objection deadline—yet the Bankruptcy Court allowed it to benefit from a bargain it never made.

(*Id.*).  Rolling Oaks argues that the bankruptcy court's ruling dismissing the § 505 claim made its reservation of rights meaningless.  (*Id.* at 13).

The District argues that the bankruptcy court was correct in determining that the § 505 suit was, in effect, an untimely objection to Bexar County's proof of claim.  The District also argues that the adversary proceeding was barred by res judicata and that Rolling Oaks cannot seek reconsideration of the confirmation order.  The District also argues that it enjoys immunity from suits for declaratory and injunctive relief.  Speaking directly to the argument raised by Rolling Oaks, the District argues that the "carve out" provision does not apply to the District.

Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Bexar County filed a proof of claim for the Rolling Oaks' ad valorem tax liability, to which no objection was made.  Section 505 provides:

> [T]he court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

*Id.* § 505(a)(1).  The bankruptcy court may determine the debtor's right to a refund after a specified period of time.  *Id.* § 505(a)(2)(B).

Because a bankruptcy court resolving a § 505 claim "may determine the amount or legality of any tax . . . whether or not paid," 11 U.S.C. § 505(a)(1), section 505 displaces the normal operation of Texas law that requires the payment of a property owner's tax liabilities before the property owner may appeal them.  *Cf. In re Breakwater Shores Partners, L.P.*, No. 10-61254, 2012 WL 1155773, at *5 n.11 (Bankr. E.D. Tex. Apr. 5, 2012) (rejecting the appraisal district's argument that the debtor's failure to pay the taxes owed meant that the debtor forfeited its right to a § 505 claim); *see also* TEX. TAX CODE § 42.08 (generally requiring the payment of taxes on the

5

penalty of forfeiting the right to appeal the assessment in state court).[1] The bankruptcy court could not deny the § 505 motion on the basis of this condition precedent under state law. Rolling Oaks was not put "in an impossible Catch-22." (Appellant's Reply at 14).

The bankruptcy court was not obligated to determine the Rolling Oaks tax liability. *In re Luongo*, 259 F.3d 323, 330 (5th Cir. 2001) ("The bankruptcy court's ability to abstain is premised on Congress' use of the word "*may*" in § 505."). The Fifth Circuit has summarized the factors courts should evaluate when considering whether to abstain in the § 505 context:

> The factors frequently cited by the courts in deciding whether to abstain include the complexity of the tax issues to be decided, the need to administer the bankruptcy case in an orderly and efficient manner, the burden on the bankruptcy court's docket, the length of time required for trial and decision, the asset and liability structure of the debtor, and the prejudice to the taxing authority.

*In re Luongo*, 259 F.3d 323, 330 (5th Cir. 2001) (citing *In re Hunt*, 95 B.R. 442, 445 (Bankr. N.D. Texas 1989)). Here, the bankruptcy court's stated reasons for dismissing the § 505 challenge were rooted in the need for an orderly and efficient resolution of the bankruptcy proceeding. As Bexar County argued in the bankruptcy court, a § 505 challenge would require that court to conduct a

---

[1] In Texas, tax appraisal districts are "responsible for appraising property in the district for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district." TEX. TAX CODE § 6.01(b). There is an appraisal review board established in each appraisal district. *Id.* § 6.41(a). A property owner may protest the assessed value of its property to the appraisal review board. *Id.* § 41.41(a). If the protest is rejected, the property owner may appeal. *Id.* § 42.01(a)(1)(A). Appeals are heard by petition for review in the state district court. *Id.* § 42.21(a). Generally, a property owner must pay the taxes subject to appeal or the appeal is forfeited. *Id.* § 42.08(b). The county in which the appraisal district lies is not a party to the appellate process with respect to appraisal review board determinations.

Following the final determination of the property owner's appeal, "the chief appraiser shall: (1) correct the appraisal roll . . . and (2) certify the change to the assessor for each affected taxing unit." *Id.* § 42.21(a). If the revised appraisal is less than the amount already paid, "the taxing unit shall refund to the property owner the difference between the amount of taxes paid and amount of taxes for which the property owner is liable." *Id.* § 42.43(a).

fact-intensive appraisal process under Texas law.  (App. 286 (citing *In re Vanguard Nat. Resources, LLC*, 603 B.R. 310, 320 (Bankr. S.D. Tex. 2019)).

The plan or confirmation order do not appear to prevent the bankruptcy court from declining to hear the § 505 challenge.  Nevertheless, Rolling Oaks argues that the bankruptcy court ignored the language of the confirmation order and plan, contending that the "carve out" provision preserved Rolling Oaks' ability to mount a tax challenge.  The "carve out" provision states that the debtors "shall pay the Texas Taxing Authorities' Claims" under certain circumstances.  The District is not an enumerated "Texas Taxing Authority," but Bexar County is.  Neither is the District named in schedule E(ii) of the plan supplement.  (App. 769 (stating that causes of action against the "Bexar County Tax Assessor" are retained)).  There is no language addressing the District or other entities that can, under Texas law, take actions that implicate tax liabilities ultimately paid to the "Texas Taxing Authorities."  Rolling Oaks has not pointed to language in the order or plan that contemplates collateral attacks on the claims asserted by the Texas Taxing Authorities.

The confirmation order is unclear with respect to the District.  In the face of this ambiguity, the bankruptcy court was not unreasonable to construe the definition of "Texas Taxing Authority" as incorporating other local government agencies whose decisions directly implicate the debtors' tax liabilities.  As noted at the hearing, "Bexar County" is not a defined term.  (App. 846).

Finally, the court notes that the bankruptcy court's dismissal of the § 505 action did not deprive Rolling Oaks of the state-court forum.  (App. 385–86 (retaining the "rights to dispute the Texas Taxing Authorities' Claims in any forum other than the Bankruptcy Court within the time provided by applicable law")).

7

Under these circumstances, the bankruptcy court's refusal to hear the § 505 challenge was not an abuse of discretion. *In re Nat'l Gypsum Co.*, 219 F.3d 478, 484 (5th Cir. 2000) (it is appropriate to defer to the bankruptcy court's reasonable interpretation of ambiguous terms in a confirmation order).

**IV.     Conclusion**

The court affirms the order of the bankruptcy court dismissing the Rolling Oaks complaint.

SIGNED on June 1, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge