Case 4:22-cv-02922   Document 10   Filed on 08/01/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| WASHINGTON PRIME GROUP, INC., *et al.*, | § § § § | BANKRUPTCY NO. 21-31948 |
| Debtors. | § | |

| | | |
|---|---|---|
| ROLLING OAKS MALL, LLC, | § § | |
| Plaintiff-Appellant, | § § | |
| v. | § § § | CIVIL ACTION NO. H-22-2922 |
| BEXAR APPRAISAL DISTRICT, | § § § | |
| Defendant-Appellee. | § | |

## OPINION

In its previous opinion, this court affirmed the decision of the bankruptcy court dismissing Rolling Oaks Mall's complaint contesting its tax liabilities under 11 U.S.C. § 505. (*See* Docket Entry No. 6). The court found that the bankruptcy court properly exercised its discretion to abstain from deciding Rolling Oaks's § 505 challenge. Rolling Oaks has filed a motion for rehearing, arguing that the court erred because there was no evidentiary support for abstention in the record. (Docket Entry No. 7).

Rolling Oaks argues that the record contains no evidence addressing the abstention factors discussed in *In re Luongo*, 259 F.3d 323 (5th Cir. 2001):

> The factors frequently cited by the courts in deciding whether to abstain include [1] the complexity of the tax issues to be decided, [2] the need to administer the bankruptcy case in an orderly and efficient manner, [3] the burden on the bankruptcy court's docket, [4] the length of time required for trial and decision, the asset and liability structure of the debtor, [5] and the prejudice to the taxing authority.

*Id.* at 330 (citation omitted). The *Luongo* court also observed:

> Several courts have also taken into consideration what they identify as the two-fold purpose of § 505:(1) affording a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the administration of the bankruptcy estate, and (2) providing an opportunity for the trustee, on behalf of the creditor, to contest the validity and amount of a tax claim when the debtor has been unwilling or unable to do so.

*Id.* (internal quotation marks and citations omitted). Rolling Oaks also complains that the court addressed only two of the *Luongo* factors. (Docket Entry No. 7 at 7).

*Luongo* does not require the court to consider all five of the factors listed in that case. The *Luongo* court refers to "factors frequently cited" and factors that "[s]everal courts have also taken into consideration." Rolling Oaks's statement that "the Bankruptcy Court must consider each factor, with no one factor being dispositive," (Docket Entry No. 7 at 8), is partly correct: while no one factor is dispositive, *Luongo* does not hold that the court must consider "each factor." The *Luongo* court's statement that these factors are "frequently cited by the courts" is descriptive, not prescriptive.

The *Luongo* opinion makes clear that the abstention decision is guided by the purposes of the bankruptcy process: to achieve "a fair and equitable distribution of assets to the creditors," and to "relieve the honest debtor from the weight of oppressive indebtedness and permit [it] to start afresh." *Luongo*, 259 F.3d at 330. The court emphasized:

> When bankruptcy issues are at the core of a dispute, it would be absurd for a bankruptcy court to abstain from deciding those matters over which it has particular expertise. On the other hand, simply because tax law is somehow implicated does not automatically trigger abstention.

*Id.* at 331.

Here, the taxing authority filed a proof of claim and Rolling Oaks paid that proof of claim without objection. It then attempted to initiate a § 505 action to contest its tax liabilities. The bankruptcy court viewed this as an improper attempt to avoid paying on the proof of claim. The bankruptcy court's decision clearly implicates several *Luongo* factors, including the need to

2

efficiently administer the bankruptcy process, the court's burden in revisiting a debt already paid through a proof of claim, and the prejudice to the taxing authority, which had submitted the proof of claim, received no objection, and was paid. It was not inequitable to the debtor for the bankruptcy court to deny the debtor an opportunity to contest—in that forum—a debt to which it had not objected and had already paid.

Rolling Oaks notes that the bankruptcy court declined in abstain in several other § 505 proceedings brought by its affiliate debtors. (Docket Entry No. 7 at 8–9 & n.5). But Rolling Oaks does not argue that these cases involved debtors who had already paid the relevant taxing authority without objecting to the authority's proof of claim. For example, in *WPG Northtown Venture, LLC v. County of Anoka*, No. 22-03031 (Bankr. S.D. Tex.), the taxing authority asked the bankruptcy court to abstain because the tax dispute was already pending in a state-court forum. *See id.*, Docket Entry No. 29 at 4 ("[The debtor] had a plain, speedy, and efficient remedy before the Minnesota Tax Court. It participated in that action for quite some time, until it became (audio interference) discovery sanctions, and then it suddenly decided it needed to have Your Honor decide (audio interference) instead."). In contrast to *WPG,* this case involves a § 505 challenge to tax liabilities that were paid without objection. The bankruptcy court treated other adversary complaints involving the same posture--§ 505 challenges to tax liabilities paid by a proof of claim—in the same way. *See* Docket Entry No. 35 at 5, *Shops at Ne. Mall LLC v. Tarrant Appraisal Dist.*, No. 22-03156 (Bankr. S.D. Tex.) ("[W]e're not going to go adjust the prior taxes. You agreed what they would be.").

Rolling Oaks cites no authority for its repeated contention that a bankruptcy court must conduct an evidentiary hearing to form the basis for abstention. The necessary factual predicate

3

for the abstention decision—the proof of claim, the lack of objection, the payment on the claim—were all before the bankruptcy court.

The motion is denied. The motion to strike, (Docket Entry No. 9), is denied as moot.

SIGNED on August 1, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge